[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
COURT'S COMPLIANCE WITH PLAINTIFF'S MOTION FOR ARTICULATION OF ORDER
The court grants the plaintiff's motion for articulation of order by attaching hereto and incorporating herein the transcript of the hearing held before the court on the motions to modify and open judgement on February 3, 1992.
HENDEL, J.
DOCKET NUMBER 51 41 87 : SUPERIOR COURT
JOHNSON : NEW LONDON JUDICIAL DISTRICT
VERSUS : HELD AT NEW LONDON
JOHNSON : FEBRUARY 3, 1992
BEFORE: THE HONORABLE SEYMOUR L. HENDEL, JUDGE.
APPEARANCES: CT Page 1422
Representing the Plaintiff.
RAMONA DE SALVO DITTMAN, PC 216 Thames Street Groton, Connecticut 06430
RAMONA DE SALVO DITTMAN, ESQUIRE
Representing the Defendant:
TRAYSTMAN TRAYSTMAN 45 Channing Street New London, Connecticut 06320
BY: GARY TRAYSTMAN, ESQUIRE
 John Nowak Court Monitor 70 Huntington Street New London, Connecticut
MR. TRAYSTMAN: Will Your Honor take a short argument?
THE COURT: I'll take any agreements, first. Any agreements? Very well, short argument.
MR. TRAYSTMAN: Number ninety-nine on the domestic list, if Your Honor please.
THE CLERK: Ninety-nine?
MR. TRAYSTMAN: Number ninety-nine on the domestic list: Johnson vs. Johnson. Your Honor, may I approach the bench? We've agreed that the Family Relations report of mediation can be submitted for reference. Thank you, very much, Your Honor.
Your Honor, my name is Gary Traystman, and I represent the defendant and moving party Dexter Johnson. By way of background — — and Attorney De Salvo Dittman represents Mrs. Johnson, Your Honor.
MS. DITTMAN: Additionally, we also have a motion so it's both motions to modify.
MR. TRAYSTMAN: Your Honor, with regard to our motion; the motion to open and modify judgment dated April 12th, 1991. It has to do with reopening visitation. With regard to background, Your Honor, the parties were divorced on October 11th of 1990 before Judge Vasington. At that time, they entered into a, fairly, specific — what we consider to be a well thought out and in CT Page 1423 depth visitation order having to do with a five week rotationary schedule. When there were four weekends in any month, there was a four week schedule. When there were five weekends in any month, there was a five week schedule. And, essentially, speaking, the father would enjoy reasonable rights of visitation to include this very exhaustive schedule: On the first weekend, he had from Thursday 6 p.m. to Sunday 7 p.m. On the second weekend, he had Friday 9 a.m. to 7 p.m., and Sunday 11:30 to seven. The third weekend, he had from Friday evening 6 p.m. to Sunday evening at 7 p.m. On the fourth weekend, he had Friday 9 a.m. to Friday 7 p.m. And if there was a fifth weekend, if Your Honor please, he would have visitation on Saturday 6 p.m. to Sunday 7 p.m. So he had visitation, essentially, every weekend, in varying degrees.
At that time, my client was a car salesman and had much more specific hours of work. He has since got a job with Prudential Insurance Company and has a lot of late night meetings, weekend meetings, and that type of thing, but mostly late night. Very few weekend meetings, at all. But varying meetings, and it made it necessary to modify the visitation.
Now, the children, at this time, are three years old. They are twins. They've just turned three. Their birthday was, I believe, in December, so they're not in school. Mrs. Johnson works about four hours a day, so the children are, essentially, with her almost all day other than those four hours. I don't know what the children do. I would presume it's day care during that period of time or baby-sitting of some type. My client has the weekends open.
By way of explanation, Your Honor, I think there was a mistake by Family Relations, because they indicated in the mediation that the issues were resolved when they were not resolved. And I can only presume that the mistake that was made is they understood that my client — they understood my client was requesting alternating weekends, when my client was, in fact, requesting every weekend. They gave a recommendation having to do with alternate weekends with the presumption there was an agreement, when there was not an agreement. My client is requesting Friday visitation at 5:30 p.m. to Monday at 9 a.m., every weekend.
THE COURT: Friday 9:30 to Monday —
MR. TRAYSTMAN: Friday 5:30, if Your Honor please, p.m.
THE COURT: To Monday at?
MR. TRAYSTMAN: Monday at 9 a.m. He would, of course, deliver the children to school, if necessary. CT Page 1424
THE COURT: Every weekend?
MR. TRAYSTMAN: Every weekend.
THE COURT: What does he have, presently?
MR. TRAYSTMAN: That varied schedule, I went through.
THE COURT: Right.
MR. TRAYSTMAN: He has visitation every weekend, but it's various times.
THE COURT: Very well.
MR. TRAYSTMAN: The longest period of time would be from a Thursday —
THE COURT: You're asking every weekend from 9:30 Friday to nine on Monday?
MR. TRAYSTMAN: Exactly. Now, the reason we're asking for that, Your Honor, and I know it would seem like it would give Mrs. Johnson little time — little quality time on the weekends, but she has the five days during the week, number one. She has already agreed to visitation of every weekend in less degree, as far as the Family Relations — as far as the judgment goes. Also, Your Honor, the original motion to modify visitation was submitted by my — my client and my office. And at that time, my client had at least nine and a half days visitation per month. If Your Honor followed the recommendation of Family Relations — which purports to be an agreement between the parties, he would have — he would suffer a reduction in visitation of three days per month. We don't think that's appropriate; we're the moving the party — the initial moving party. We request and increase in visitation and then we get reduced by three days. That's our number one point. The other point is this, Your Honor. The judgment was very clear, and it indicated that the parties — my client would enjoy reasonable rights of visitation to include. Now, obviously, underlying that there was supposed to be other visitation around the parties schedule. Now, my client has been requesting other visitation since October 11th of 1990, and it has been denied. Mrs. Johnson feels that it is absolutely imperative, that the parties stick to the specific order of the Court; days and times. So he gets no other visitation. Now there is joint custody, in this case. There should be ; some flexibility. And if the children are available around his schedule, especially if she does not have the time to be with the children, then, in my opinion, she should, in fact, consider my CT Page 1425 clients' request.
Now, if that is not going to be done by Mrs. Johnson; if she's not going to increase — consider' reasonable rights of visitation, it's only going to be specific rights, then I think the order we are requesting is more than fair. It, essentially, gives my client about nine and a half days per month. He still has the visitation every weekend as he had in the judgment. All it does is lessen it on certain weekends, increase it on certain weekends, to keep it almost exactly the same hour wise as it was in the judgment. There doesn't seem to be any reason to vary off that.
THE COURT: Presently the plaintiff gets no weekends?
MR. TRAYSTMAN: Well, she gets a portion of a weekend. She gets no full weekend.
THE COURT: Shouldn't she have some portion of a weekend?
MR. TRAYSTMAN: Well, Your Honor, she agreed to it in the judgment; she would get no weekend.
THE COURT: But she had a portion of a weekend, didn't she?
MR. TRAYSTMAN: No — you said a portion of a weekend?
THE COURT: She's never had the children Saturday or Sunday since the judgment?
MR. TRAYSTMAN: Your Honor, she has a portion of a weekend.
THE COURT: Right. Either Saturday or Sunday right?
MR. TRAYSTMAN: A portion of a Saturday or a portion of a Sunday.
THE COURT: She's entitled to have some time on the weekend with the child.
MR. TRAYSTMAN: Your Honor, if that's the case, and I see the way Your Honor is thinking — or I presume to see the way Your Honor is thinking.
THE COURT: Right. If you want something during the week, ask for something during the week.
MR. TRAYSTMAN: If that's the case, then I'm going to suggest to the Court; the children are three years old. Perhaps, what Your Honor would do if you felt Mrs. Johnson deserved one weekend CT Page 1426 a month, then perhaps Your Honor would consider giving us one day during the week. One full day during the week.
THE COURT: That's what I'm considering.
MR. TRAYSTMAN: On twenty-four notice.
THE COURT: That's what I'm considering.
MR. TRAYSTMAN: But I'm not sure — the reason I did not suggest it to the Court, knowing Your Honor's ruling in other cases, was because Mrs. Johnson has not, in fact, agreed to that in the past when we've requested it.
THE COURT: I don't think it's unreasonable for a father to see his child once during the week if he doesn't have visitation that weekend.
MR. TRAYSTMAN: Then, obviously, Your Honor, then our request would be — under those terms — would be modified to three weekends per month on a four weekend month; four weekends per month on a five weekend month, and ask Your Honor to please consider one full day during the week from, say, 9 o'clock in the morning until 6 o'clock at night, upon twenty-four notice to Mrs. Johnson.
THE COURT: Counsel?
MS. DITTMAN: Your Honor, first, just to clarify. The original motion to reopen and modify judgment was filed by my office on April 12th. Subsequently, Attorney Traystman filed a motion to modify dated May 14th.
THE COURT: What did you wish by modification?
MS. DITTMAN: I'm asking that, the, Family Relation's report — the recommendations be accepted by the Court. The matter went to Family Relations.
THE COURT: That's cutting down his visitation rights.
MS. DITTMAN: But he also picks up an extra; week in the summer, Your Honor. It's different visitation., And, additionally, back when the judgment entered, he had a very strange work schedule, so that he had Friday's off.
THE COURT: Counsel. Counsel. You know the Court's philosophy. If a father wants to see his child, unless there's very good reasons for him not to do so, the Court will grant that request. I'm not about to cut down visitation rights to a father, unless CT Page 1427 you give me good reason too.
MS. DITTMAN: Your Honor, he picks up additional visitation, also. It's just different.
THE COURT: I don't count a week in the summer as additional. He's entitled to time in the summer.
MS. DITTMAN: If the Family Relation's report is not going to be accepted, Your Honor, then I would suggest that we send it back to them for study. There were significant problems raised.
THE COURT: The Family Relation's report is a recommendation to this Court. No way is the Court bound by it. You know that.
MS. DITTMAN: I understand that. Now, Attorney Traystman, certainly, had significant time to be heard. I'm just asking to be heard.
THE COURT: You'll be heard. Don't tell me that I'm bound by the Family Relation's report, and if I don't accept it, I have to send it back.
MS. DITTMAN: I think that the Family Relation's report is making a recommendation which is in the best interest of the child.
THE COURT: Thank you.
MS. DITTMAN: There has been significant problems between the parties in working out visitation. That's why the visitation that Attorney Traystman has recited is not workable. It's very odd. It's very hard to follow, and I don't think it's best for the girls, and that's why I think Family Relations recommended in the manner that they did. And they're also giving Mr. Johnson additional time, it's just structured differently. And not only that, but at the time of the judgment we structured the entire visitation around his job schedule. He has changed jobs. Why is it fair to the girls to change the schedule just because he's changed jobs? I don't think that's fair.
THE COURT: It's not unusual, at all. It happens all the time when the father or a mother changes work that you change visitation to make it easier for them to visit. Anything further?
MS. DITTMAN: Nor Your Honor. But my client, just, has a very difficult time understanding why they went to Family Relations and were able to work that out, and he has since changed his mind. CT Page 1428
THE COURT: Well, is it an agreement or is it not and agreement?
MS. DITTMAN: It was an agreement, at the time that it was reported to Family Relations.
MR. TRAYSTMAN: Your Honor, according to my client it was never an agreement. He believes there was a misunderstanding. He indicated to Family Relations every weekend. They indicated alternate weekends. I can tell you this, Your Honor, when he walked into my office back in April, he indicated to me he wanted every weekend, and the judgment indicates every weekend. So for him to request alternating weekends would seem to be a mistake because he had every weekend in the judgment. Your Honor, the other thing is that what we're requesting now seems to be more conducive to stabilizing the children because the prior schedule was very difficult. It had different weekend times and days on almost every weekend, so it, was more difficult.
THE COURT: The Court will order that the father — the judgment is opened and modified to provide that the father is to have three weekends from 5:30 on Friday to nine on Monday, with the mother to have the fourth weekend; then the father to have the next three weekends, and the mother to have the fourth weekend and continuing in that fashion. When the father does not have a weekend visitation he is to have a Tuesday visitation on twenty-four hours prior notice that he will not exercise the visitation. Otherwise he's to have the visitation. Tuesday visitation will be from five on Tuesday to five on Wednesday.
MR. TRAYSTMAN: Your Honor, the problem — we appreciate the Court's Indulgence, the problem with that is, as we indicated, his job. Because he works for an insurance company, he has meetings that revolve. Would Your Honor please consider, just, giving us that twenty-four hour period and we'll give "Mrs." twenty-four hour notice?
THE COURT: She is to have security, when she's to arrange her schedule, as well. If he can't make it that Tuesday, he is to advise her he can't make it and he loses his visitation.
MR. TRAYSTMAN: Your Honor, I presume the other elements of the Family Relation's report are entered also, or do we need argument on that? That would be section two, three, four, and five.
THE COURT: Any objections on two, three, four, and five? They appear to be reasonable.
MR. TRAYSTMAN: I'm sorry, Your Honor? CT Page 1429
THE COURT: Any objections?
MS. DITTMAN: I guess not, Your Honor. I'm objecting to the order.
THE COURT: Very well. I'll order that paragraphs two, three, four, and five — judgment be modified to incorporate paragraphs two, three, four, and five. Thank you, counsel.
MR. TRAYSTMAN: Your Honor, thank you, very much.
DOCKET NUMBER 51 41 87 : SUPERIOR COURT
JOHNSON : NEW LONDON JUDICIAL DISTRICT
VERSUS : HELD AT NEW LONDON
JOHNSON : FEBRUARY 3, 1992
CERTIFICATION
I hereby certify that the foregoing is a true and accurate transcript of the testimony heard in the above entitled case, heard in Superior Court, New London Judicial District, New London, Connecticut, before the Honorable Seymour L. Hendel on the 3rd day of February, 1992.
Dated at New London, Connecticut on this 20th day of February, 1992.
 Joan Nowak Court Monitor